Sneed V. RENNER, Appellant,

v.

LIBERTY MUTUAL INSURANCE COMPANY, Appellee.

No. 5381.

Court of Civil Appeals of Texas, Waco.

Oct. 31, 1974.

**240**

Bader, Wilson, Menaker, Cox & Branson, Marvin Menaker, Dallas, for appellant.

Gardere, Porter & De Hay, Dallas, for appellee.

HALL, Justice.

This suit was brought by the appellant-plaintiff against the appellee-defendant to recover benefits under the Texas Workmen's Compensation Laws for an injury he received while working in Louisiana. On the defendant's motion, the trial court rendered summary judgment that plaintiff take nothing. The single question posed by plaintiff's three points of error is: Does the record establish as a matter of law that plaintiff was not a Texas employee at the time of the injury? We hold that it does, and affirm the judgment.

The material facts are without dispute. Plaintiff is a journeyman ironworker. He resided in Dallas, Texas, at all pertinent times. He is a member of the Ironworkers Union, Local Number 481, in Dallas. He has worked from job to job for many different employers, always getting employment through the local union office. On February 5, 1973, while sitting in the union hall at Dallas looking for work, plaintiff was employed through the union by defendant's insured, American Bridge Division of United States Steel Corporation, to work on the "Super Dome" in New Orleans, Louisiana. The terms of the offer of employment were that American Bridge would pay travel time and transportation expenses from Dallas to New Orleans and back to Dallas for workers who took the job. Plaintiff deposed that he went to New Orleans and began work; that he was injured on the job in New Orleans on Thursday, February 8, 1973, which was his second working day; that, as a result of the injury, he left the job and returned to Dallas on the following Tuesday; and that, as had been his custom on other jobs with other employers and on other jobs with American Bridge, when he made this contract he intended to complete the "Super Dome" job, collect his travel time, go back to Dallas, and get another job out of the hiring hall.

Although plaintiff does not recall the job he had immediately before the one in question, he has, over the years, worked for various companies, including Austin Bridge. And, while there is no direct proof that his prior work for Austin Bridge was done in Texas, we believe the record reasonably supports the inference that some of it was done in the Dallas area. In any event, the summary judgment proof does not conclusively establish that it was all performed out of Texas.

The extraterritorial provisions of our workmen's compensation statutes are found in Sec. 19 of Article 8306, Vernon's Ann.

Tex.Civ.St. Insofar as relevant to our problem they provide as follows:

"If an employee, who has been hired in this State, sustain injury in the course of his employment, he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the State . . .

"Providing that such injury shall have occurred within one year from the date such injured employee leaves this State . . ."

These statutory provisions have been construed many times by our Supreme Court. The cases are listed in Texas Employers' Ins. Ass'n. v. Dossey, (Tex.Sup., 1966) 402 S.W.2d 153, 155, and were reviewed at length in Hale v. Texas Employers' Ins. Ass'n., 150 Tex. 215, 239 S.W.2d 608 (1951).

 The cases are in accord that the phrase, "who has been hired in this State," in the statute, does not refer to the place where the contract of hiring is made; and that the real question is the status of the employee at the time of injury with regard to being a Texas employee. In Southern Underwriters v. Gallagher, 135 Tex. 41, 136 S.W.2d 590, 592 (1940), the Court said that if, at the time of injury, the employee occupied the status of a Texas employee, "he is entitled to protection under our Compensation Statutes, even though he was working out of the state. On the other hand, if the employee is hired or contracted within this state to go out of this state to perform labor or services, he cannot claim protection under our Compensation Law merely because the contract was made or entered into in this state." And in the Dossey case, supra, the Court held that an employee has the status of a Texas employee "when he has been hired in this state to work in this state and in another state as the circumstances of his employer may require. His Texas employee status is fixed in the fact of his employment to work in Texas as well as in the other state. He continues to occupy this status even though he first works in the other state."

 Our record shows without dispute that plaintiff, although hired in Texas, was employed to work only outside the state during the term of the contract in question. It therefore establishes as a matter of law that he never occupied the status of a Texas employee. Maryland Casualty Company v. Spritzman, (Tex.Civ.App.—Houston 1st, 1967, writ ref., n. r. e.) 410 S.W.2d 668, cited by plaintiff, is not contrary to this holding. The Spritzman case was remanded to permit a determination of whether or not the claimant's contract of employment, which was made in Texas, called for him to work in Texas after he completed a tour of duty in a foreign jurisdiction. We do not have that fact question, here.

The mere fact that plaintiff might have had employment contracts in the past with Austin Bridge in Texas which have ended, or that he might have anticipated future contracts with Austin Bridge in Texas after this one terminated, did not make him a Texas employee under the contract in question. In Hale v. Texas Employers' Ins. Ass'n., 150 Tex. 215, 239 S.W.2d 608, 616 (1951), the Court said: "There must be no severance of the employer-employee relationship. When that relationship has been severed the workman no longer has the status of a Texas employee, and if he is thereafter employed by the same employer to go to another state to work, the employment is a new employment and he is not entitled to the benefit of Section 19 [of Article 8306]." And, contrary to plaintiff's argument, the fact that the contract provided for payment of travel time and transportation expenses from Dallas did not bring plaintiff within the extraterritorial provisions of the workmen's compensation statutes. Covington v. Associated Employers Lloyds, (Tex.Civ.App.—Eastland, 1946, writ ref.) 195 S.W.2d 209; American General Insurance Co. v. Coleman, 157 Tex. 377, 303 S.W.2d 370, 374; Loofbourow v. Texas Employers Insurance Ass'n., (Tex.Civ.App.—Waco, 1972, writ ref., n. r. e.) 489 S.W.2d 456, 457.

The judgment is affirmed.