**AMERICAN STATES INSURANCE COMPANY, Appellant,**

v.

**Federico GARZA, Appellee.**

No. 13–82–281–CV.

Court of Appeals of Texas, Corpus Christi.

Sept. 8, 1983.

H.T. Hermansen, Jr., Kleberg, Dyer, Redford & Weil, Corpus Christi, for appellant.

Frank Costilla Jr., Costilla & Stapleton, Brownsville, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

NYE, Chief Justice.

This is a worker's compensation case. The sole issue is whether the trial court erred in refusing to submit a special issue and instruction concerning the plaintiff's status as a "Texas employee".

Federico H. Garza, a Texas resident, was recruited in Brownsville to work for NAAS Foods in a tomato canning plant in the state of Indiana. While working there, Garza slipped and fell down a flight of stairs, injuring himself. After the injury, Garza returned to Brownsville and filed his claim for workman's compensation. He received an award from the Texas Industrial Accident Board. The employer's insurance carrier, American States Insurance Company, filed this suit to set aside the board's ruling and the award. After a jury trial, and in concert with the jury's findings, the trial court entered a judgment favoring Garza.

Appellant objected to the omission in the court's charge of an issue on the plaintiff's status as a "Texas employee," on the ground that plaintiff, Garza, had the burden of proving such status in order to establish a cause of action. The trial court overruled the objection. Thereafter, appellant submitted the following requested issue and instruction for inclusion in the court's charge:

"Do you find from a preponderance of the evidence that, at the time of such injury, plaintiff was a Texas employee? Answer, 'We do,' or, 'We do not.'

"We, the jury answer: —————."
A person is a "Texas employee" if it is contemplated by him and his employer at the time of his employment that he will perform work in Texas, even though he may also work outside the state as the circumstances of his employment may require."

The trial court considered but refused the requested issue. Appellant claims that such refusal and the omission of such issue was reversible error.

Prior to 1977, the extra-territorial provision of our workman's compensation statute provided, in pertinent part, as follows:

"If an employee, who has been hired in this state, sustain injury in the course of his employment, he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the state, ..." 1931 Tex.Gen.Laws, CH. 90, § 1 at 133.

In construing that language, the Supreme Court has ruled that before an employee can recover under our compensation statutes for an injury received outside the state, he must prove that, at the time of such injury, he occupied the status of a "Texas employee" incidentally or temporarily sent out of the state to perform labor or services. *Southern Underwriters v. Gallagher,* 135 Tex. 41, 136 S.W.2d 590, 592 (1940). For purposes of this requirement, a "Texas employee" is one who has been hired in Texas and in another state, as the circumstances of his employer may require. In other words, it must be within the contemplation of the employer that the employee is to work in Texas as well as the other state. *Texas Employer's Insurance Association v. Dossey,* 402 S.W.2d 153, 155–56 (Tex.1966). Under the standard set out in *Dossey,* an employee may occupy the status of a "Texas employee" and recover for an extra-territorial injury even though he never performed work in Texas, so long as he was hired here, and it was contemplated that he would perform work here under the contract.

In *Renner v. Liberty Mutual Insurance Co.,* 516 S.W.2d 239 (Tex.Civ.App.—Waco 1974, no writ), an employee was denied benefits for an injury he received while working in Louisiana. The employee in the *Renner* case was a Dallas resident and a mem-

ber of a union local there. He was hired in Dallas to work in New Orleans. He had performed work in Texas under previous contracts with the same employer and had reason to anticipate employment with such employer in Texas in the future. Nevertheless, the Waco Court of Civil Appeals, applying a strict *Gallagher-Dossey* test, determined that the employee was not a Texas employee because he was employed to work only outside the state during the term of the contract in question. See *Renner:* 516 S.W.2d at 241.

However, effective June 15, 1977, the compensation statute's extra-territorial provision was amended to provide as follows:

"If an employee, who has been hired *or, if a Texas resident, recruited in this State,* sustain injury in the course of his employment, he shall be entitled to compensation according to the Law of this State even though such injury was received outside of the state, . . ." Tex.Rev.Civ. Stat.Ann. art 8306 § 19 (Vernon Supp. 1982). (Emphasis supplied.)

As far as we have been able to determine, no appellate court has been asked to construe this particular section since the 1977 amendment. It may be because the plain meaning of the words used in the amendment indicates an intent on the part of the legislature to extend the protection of the act to all Texas residents hired or recruited in the State, even though they had been previously denied coverage when injured outside the state.

Here, Garza established conclusively that he was a Texas resident and that he was recruited here in Texas. This was sufficient to satisfy the statutory requirement. Appellant's point of error is overruled. The judgment of the trial court is AFFIRMED.