# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-08-00766-CV

**Service Lloyds Insurance Company, Appellant**

**v.**

**American Alternative Insurance Corporation, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT
### NO. D-1-GN-05-004072, HONORABLE DARLENE BYRNE, JUDGE PRESIDING

## O P I N I O N

This is a workers' compensation case in which the Texas Department of Insurance, Division of Workers' Compensation (the "Division")[1] ordered one insurance carrier, appellant Service Lloyds Insurance Company, to reimburse another insurance carrier, appellee American Alternative Insurance Corporation (AAIC), for benefits paid by AAIC for an employee's compensable injury for which Service Lloyds was the liable carrier. The district court affirmed the decision of the Division. Service Lloyds argues that a workers' compensation carrier cannot be a subclaimant under Texas Labor Code section 409.009 and the Division had no jurisdiction to order such reimbursement. We affirm the judgment of the district court.

---

[1] The Texas Workers' Compensation Commission was abolished effective September 1, 2005, and its functions were assumed by the division of workers' compensation within the Texas Department of Insurance. *See* Tex. Lab. Code Ann. § 402.001 (West 2006). We use the term "Division" to refer to both the division of workers' compensation and the former commission.

***Factual and Procedural Background***

On December 9, 2002, Emmit Hines sustained a compensable injury in the course and scope of his employment with CRES Management. From December 9, 2002, through May 9, 2004, AAIC paid workers' compensation benefits to or for Hines. However, during that time period, Service Lloyds was the insurance carrier responsible to compensate Hines for his injury. AAIC sent a written request to Service Lloyds for reimbursement of the benefits erroneously paid by AAIC, but Service Lloyds declined to reimburse AAIC.

The Division administers the Texas Workers' Compensation Act (the "Act"). *See* Tex. Lab. Code Ann. § 402.001 (West 2006). On February 2, 2005, AAIC sought dispute resolution with the Division concerning its claim against Service Lloyds. On July 28, 2005, a Division hearing officer issued his decision that AAIC was a "subclaimant" within the meaning of section 409.009 of the Act and that the Division had jurisdiction to determine AAIC's claim for reimbursement from Service Lloyds. The hearing officer ordered Service Lloyds to reimburse AAIC the amount of $81,501 plus interest. *See id.* § 410.168(a) (West 2006) (hearing officer decision). Service Lloyds appealed the decision to the Division's appeals panel, which determined on October 10, 2005, that the hearing officer's decision should become the appeals panel's final decision as well. *See id.* § 410.204(c) (West 2006) (appeals panel decision).

Service Lloyds timely filed a petition for judicial review in Travis County district court. *See id.* § 410.251 (West 2006) (authorizing judicial review of final decision of appeals panel). The district court entered judgment on November 19, 2008, affirming the decision of the Division. Service Lloyds appeals.

***Texas Labor Code Section 409.009***

Service Lloyds's arguments with regard to section 409.009 involve exclusively questions of statutory interpretation. Therefore, our review is de novo. *See Texas Mun. Power Agency v. Public Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007) ("Statutory construction is a question of law, which we review de novo.").

*Insurance carrier as subclaimant*

Service Lloyds argues that, as a matter of law, a workers' compensation insurance carrier cannot be a "subclaimant" under section 409.009 of the Act and, therefore, the Division erred in holding that AAIC is a subclaimant with respect to its claim for reimbursement from Service Lloyds. Section 409.009 of the Act states as follows:

A person may file a written claim with the division as a subclaimant if the person has:

(1) provided compensation, including health care provided by a health care insurer, directly or indirectly, to or for an employee or legal beneficiary; and

(2) sought and been refused reimbursement from the insurance carrier.

Tex. Lab. Code Ann. § 409.009 (West 2006).

Service Lloyds's argument is not supported by the plain language of the statute. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006) ("When construing a statute, we begin with its language."). A workers' compensation carrier is a "person" under section 409.009. *See* Tex. Gov't Code Ann. § 311.005(2) (West 2005) (defining "person" to include a corporation, organization, and any other legal entity). Moreover, AAIC has complied with the plain-language requirements

3

of the statute. AAIC filed its written claim in the context of Service Lloyds being responsible to compensate Hines for his injury. *See Texas Mut. Ins. Co. v. Sonic Sys. Int'l, Inc.*, 214 S.W.3d 469, 477 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (holding that the term "subclaimant" denotes that reimbursement is derivative of employee-claimant's ability to recover benefits). AAIC provided compensation to or for an employee—Hines. *See* Tex. Lab. Code Ann. § 401.011(11) (West Supp. 2009) (defining "compensation" as "payment of a benefit"). AAIC sought and was refused reimbursement from the insurance carrier—Service Lloyds.

Notwithstanding AAIC's having met the express requirements of section 409.009, Service Lloyds contends that the statute is applicable only to health care insurers—specifically, when the employee's health insurance policy pays for medical care that is covered by the workers' compensation policy. We agree that section 409.009 can apply to health care insurers. *See Valley Forge Ins. Co. v. Austin*, 65 S.W.3d 371, 372 (Tex. App.—Dallas 2001, pet. denied). However, nothing in the statutory language indicates that it applies *only* to health care insurers. To the contrary, section 409.009 applies when compensation has been provided, "*including* health care provided by a health care insurer." Tex. Lab. Code Ann. § 409.009(1) (emphasis added); *see* Tex. Gov't Code Ann. § 311.005(13) ("including" is term of enlargement and not of limitation or exclusive enumeration; use of term does not create presumption that components not expressed are excluded). Section 409.009 of the Act is not limited to health care insurers.

Our holding that a workers' compensation carrier can be a section 409.009 subclaimant is consistent with rules adopted in 2008 by the Division. Rules 140.6, 140.7, and 140.8 establish procedures applicable to subclaims pursued against workers' compensation insurance

carriers.  *See* 28 Tex. Admin. Code §§ 140.6, 140.7, 140.8 (2009).  Rules 140.7 and 140.8 are expressly limited to health care insurers pursuing reimbursement as a subclaimant.  *See id.* §§ 140.7(a), 140.8(a); *see also* Tex. Lab. Code Ann. § 409.0091(b) (West Supp. 2009) ("This section applies only to a request for reimbursement by a health care insurer.").  In contrast, rule 140.6 contains no such limitation, *see* 28 Tex. Admin. Code § 140.6(a), provides for a subclaimant to file and pursue a claim for reimbursement of any "benefit that has been provided to an injured employee," *see id.* § 140.6(c)(1), and expressly recognizes the possibility of subclaimants under section 409.009 other than health care insurers, *see id.* § 140.6(d)(1).

Our holding is also consistent with the current interpretation of section 409.009 in the Division's administrative decisions.  *See Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993) ("Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute.").  In 2003, the Division's appeals panel, faced with a workers' compensation carrier seeking reimbursement as a subclaimant, stated:  "[W]e do not view either of two or more carriers disputing . . . their liability to one another for amounts paid to a claimant, to be 'subclaimants' for the purposes of Section 409.009."  Division Appeal No. 030286 (Mar. 20, 2003).  The appeals panel provided no reasoning for its position.  Three years later, the Division rejected its prior statement based on section 409.009's "plain meaning" and section 402.084 of the Act, which according to the appeals panel "recognizes by its express provision the potential of a carrier

5

becoming a subclaimant."[2] *See* Division Appeal No. 052857-s (Feb. 8, 2006). The appeals panel held that a workers' compensation carrier can be a subclaimant in accordance with section 409.009 of the Act.[3] *See id.*

*Division's jurisdiction over subclaim*

Next, Service Lloyds contends that, even if AAIC qualifies as a subclaimant under section 409.009, as a matter of law the Division has no jurisdiction over an independently-raised section 409.009 subclaim. Service Lloyds appears to concede that a section 409.009 subclaim may be filed with the Division as part of a proceeding in which there is a pending dispute involving the injured employee's entitlement to benefits. The issue, then, is whether a section 409.009 claim may be filed in the absence of such a pending benefit dispute.

Service Lloyds relies on a 2004 appeals panel decision in which the Division determined that a section 409.009 subclaimant could not independently invoke the Division's jurisdiction because the Division has the authority to resolve benefit disputes—pursuant to section 410.002 of the Act and Division rule 140.1—and a subclaim, by itself, is not a "benefit dispute." *See* Division Appeal No. 040412 (Apr. 14, 2004); *see also* 28 Tex. Admin. Code § 140.1

---

[2] Section 402.084 currently provides that a "potential subclaim identified by an insurance carrier . . . may form the basis for the identification and filing of a subclaim against an insurance carrier," *see id.* § 402.084(c-4) (West 2006), and defines "insurance carrier" to include an insurance company with authority to "engage in the business of workers' compensation insurance in this state," *see id.* § 402.084(c-1)(2)(A).

[3] We note that the Division has also not limited section 409.009 to insurers. *See, e.g.*, Division Appeal No. 030281 (Mar. 13, 2003) (employee's treating doctor); Division Appeal No. 002026 (Oct. 16, 2000) (employer).

(2009) (defining "benefit dispute" as "disputed issue arising under the [Act] in a workers' compensation claim regarding compensability or eligibility for, or the amount of, income or death benefits").

However, the Division subsequently overruled its 2004 decision. *See* Division Appeal No. 052857-s (determining that Division has jurisdiction over workers' compensation carrier's subclaim despite absence of dispute over benefits that are due to employee). The Division's current interpretation is consistent with the applicable statutes and rules. Section 409.009 of the Act expressly states that the person seeking reimbursement from the insurance carrier "may file a written claim with the division." Tex. Lab. Code Ann. § 409.009. Such a claim, by itself, falls within the express scope of section 410.002 of the Act. *See id.* § 410.002 ("A proceeding before the division to determine the liability of an insurance carrier for compensation for an injury or death under this subtitle is governed by this chapter."). The Division's rules indicate not only that a subclaimant is entitled to file its claim with the Division, *see* 28 Tex. Admin. Code § 140.6(c)(1) ("A subclaimant may file and pursue a claim for reimbursement of a benefit that has been provided to an injured employee . . . ."), but also that there need not be a pending dispute with regard to the employee's entitlement to benefits, *see id.* § 141.1(a) (2009) ("A request for a benefit review conference may be made by . . . a subclaimant . . . .").

We consider the Division's current interpretation to be reasonable. Under Service Lloyds's construction, a carrier (as subclaimant) could recover from another carrier erroneously paid benefits if the employee (as claimant) was disputing the amount of benefits to which he is entitled, but not if the employee had no such dispute. Such a construction of the statute

7

could encourage a carrier-subclaimant to manufacture a dispute with the employee for the sole purpose of pursuing a subclaim and thereby enabling its receipt of the reimbursement to which it is entitled. In contrast, under the Division's construction, the carrier-subclaimant can obtain any reimbursement due without forcing the employee to become involved. In fact, the Division's rules contemplate the adjudication of a subclaim "without the participation of the injured employee." *See id.* § 140.6(c)(2), (3).

The Division's construction of section 409.009 of the Act is reasonable and does not contradict the plain language of the Act or the Division's rules. The Division has jurisdiction over a section 409.009 claim even in the absence of a dispute affecting the amount to which the injured employee is entitled. *See Texas Mun. Power Agency*, 253 S.W.3d at 192 ("In ascertaining the scope of an agency's authority, we give great weight to the agency's own construction of a statute."); *Tarrant Appraisal Dist.*, 845 S.W.2d at 823 ("Construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict the plain language of the statute.").

### Conclusion

We conclude that a workers' compensation carrier may be a "subclaimant" under section 409.009 of the Act, and that the Division has jurisdiction over a subclaimant's section 409.009 claim against a carrier regardless of the existence of any dispute regarding the amount of benefits to which the injured employee is entitled.[4] Therefore, we find no error in the

---

[4] Given our conclusions with respect to section 409.009 of the Act, we need not consider Service Lloyds's additional arguments that (1) AAIC has failed to sufficiently allege a claim under

8

district court's judgment affirming the Division's decision and order, pursuant to section 409.009 of the Act, that Service Lloyds reimburse AAIC the amount of $81,501 plus interest.[5] We affirm the judgment of the district court.

_____

G. Alan Waldrop, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   February 25, 2010

_____

section 410.033 of the Act, *see* Tex. Lab. Code Ann. § 410.033 (West 2006) (in proceeding with disputing carriers, authorizing reimbursement of payments made in accordance with interlocutory order), or (2) the Division has no authority to award reimbursement under equitable principles, *see* *Houston Gen. Ins. Co. v. Association Cas. Ins. Co.*, 977 S.W.2d 634, 637-38 (Tex. App.—Tyler 1998, no pet.) (equitable subrogation claim involves balancing of equities).

[5]   Service Lloyds asserts a third point of error—that the Division's award of $81,501 plus interest was error.  However, Service Lloyds bases this assertion of error exclusively on its previous two points of error—that AAIC cannot be a subclaimant and that the Division is without jurisdiction to order reimbursement.  Consequently, Service Lloyds's third point of error requires no additional analysis.